TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0245-KB

IN RE: JENNIFER LEE ZACCHEUS-MILLER

IN SUPREME COURT

## **OPINION AND ORDER**

This case is before the Court upon the Inquiry Commission's petition for temporary suspension of Jennifer Lee Zaccheus-Miller, pursuant to SCR 3.165(1)(a) and (1)(b). Zaccheus-Miller's Kentucky Bar Association's member number is 97947. The motion for temporary suspension was originally filed on May 29, 2024. On September 3, 2024, this Court issued a Show Cause order to Zaccheus-Miller, giving her twenty days to explain in writing why she should not be temporarily suspended from the practice of law. No response was forthcoming. Accordingly, for the reasons we below, we order Zaccheus-Miller temporarily suspended from the practice of law in Kentucky.

In June 2023, Zaccheus-Miller was appointed executrix of the Della Rose Combs Estate by the Campbell District Court. In April 2024, Zaccheus-Miller was removed as executrix by that same court. She was ordered to hand over all estate files to the new executor and render an account of estate funds to the court by May 5, 2024. She failed to do so. She was given an additional four days to comply with the court's order and failed again to comply, prompting a bench warrant for her arrest on May 9, 2024. On the same day but in a

different case, a separate bench warrant was issued for a similar failure to comply with court orders regarding her tenure as executrix of the Dolores Mae Perkins Estate.

On May 14, 2024, Detective Joshua Wise of the Kentucky State Police sought an arrest warrant for Zaccheus-Miller, alleging that between June 2023 and May 2024, Zaccheus-Miller had committed the offense of Theft By Unlawful Taking, Over $10,000, regarding her handling of funds of the Combs Estate. Det. Wise's affidavit states that between May 9, 2024 and May 13, 2024, Zaccheus-Miller was a missing person, had turned off her cell phone, and her "most intimate acquaintances" had not had contact with her. Zaccheus-Miller was eventually found "in the wilderness at Red River Gorge" on May 13, 2024. Records from Heritage Bank, which held the funds of the Combs Estate, were obtained during Zaccheus-Miller's disappearance. Those records show that between June 23 – 27, 2023, Zaccheus-Miller wrote several checks to herself from the estate totaling $5,500. In March, 2024, checks were written totaling $8,000. And in April, 2024, even after she had been removed as executrix, checks were written totaling $12,500.

Additionally, Det. Wise's affidavit details that Zaccheus-Miller's "significant other" received a letter in the mail during the period of her disappearance, purporting to be written by Zaccheus-Miller. In it, the author acknowledged guilt for the thefts; stated she acted alone; that she had originally intended to replace the funds but sank "deeper and deeper" into the

scheme; and finally, detailed that she intended to run away once the thefts had been discovered.

Since that time a criminal case has been filed against Zaccheus-Miller in the Campbell District Court, Case No. 24-F-00264. At the time of the Inquiry Commission's motion, Zaccheus-Miller was maintaining her innocence. SCR 3.165(1)(a) requires that "probable cause exists to believe that an attorney is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds[.]" SCR 3.165(1)(b) requires that "probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public[.]" Based on the evidence submitted by the Inquiry Commission, this Court finds probable cause does exist to believe that Zaccheus-Miller has misappropriated funds and thereby, probable cause also exists to believe she poses a substantial threat of harm to her clients.

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

1) Jennifer Lee Zaccheus-Miller is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the entry date of this Opinion and Order, pending further Orders from this Court;

2) Disciplinary proceedings against Zaccheus-Miller may be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Zaccheus-Miller resigns under terms of disbarment;

3) Pursuant to SCR 3.165(5), Zaccheus-Miller shall, within twenty (20) days from the date of the entry of this Opinion and Order, notify in writing all

3

clients of her inability to provide further legal services and furnish the Director of the Kentucky Bar Association with copies of all such letters; and

4) Pursuant to SCR 3.165(6), Zaccheus-Miller shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which she is engaged.

All sitting. All concur.

ENTERED: December 19, 2024.

CHIEF JUSTICE